IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00081-WDM-MEH

DAVID E. BIRDSALL,

    Plaintiff,
v.

JESSIA LEE,
LEE BOWLAND,
HANNA DAVIS, and
JUSTIN RYAN,

    Defendants.

---

**RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

---

This matter comes before the Court based on Plaintiff's failure to respond to the Order to Show Cause issued on July 18, 2008, Defendants Hanna Davis and Justin Ryan's Motion to Dismiss [Docket #30], and Defendants Jessie Lee and Lee Bowland's Motion to Dismiss [Docket #39]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, the Motions to Dismiss have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** the Motions to Dismiss.

**I.**    **Factual Background**

Plaintiff alleges that his parole officer Defendant Lee ordered him to report to a homeless shelter upon his release from prison. He further alleges that the staff at the homeless shelter falsely imprisoned him, mentally abused him, and stole his social security benefit checks. He asserts a due process violation against Defendant Lee, an equal protection violation against Defendant Bowland, and a claim for abuse of the mentally ill against Defendants Davis and Ryan, employees of the homeless shelter. Defendants filed Motions to Dismiss, and Plaintiff was granted an extension of time until July 7, 2008, to respond to both motions. Plaintiff failed to respond, and the Court issued

an Order to Show Cause requiring that "plaintiff shall show cause in writing, on or before July 25, 2008, why this action should not be dismissed based on Defendants' Motion or due to Plaintiff's failure to prosecute." Dock. #45. Plaintiff also failed to respond to the Order to Show Cause. Therefore, the Order to Show Cause is made **absolute**. Because Defendants' Motions to Dismiss are meritorious, the Court will not recommend that the matter be dismissed without prejudice for Plaintiff's failure to prosecute. The Court believes that Defendants should receive a determination of their Motions on the merits.

**II.    Discussion**

    **A.    Legal Standard for a Motion to Dismiss**

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff

2

requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B. Plaintiff's claims against Defendants Davis and Ryan

Plaintiff alleges that Defendant Davis took the money awarded to him by the Social Security Administration and that Defendant Ryan subjected him to mental distress by supporting Defendant Davis' actions. Defendant Davis is a trust fund advisor at Mental Health Center of Denver ("MHCD"), and Defendant Ryan is a case manager at MHCD. Plaintiff alleges that Defendants were acting under color of state law when they stole his money and harassed him.

Section 1983 allows a plaintiff to bring a claim for constitutional violations against one who is acting under color of state law. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The "under color of state law" element of Section 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948)). In limited circumstances, a private entity may be liable under Section 1983, if its conduct is so closely related to governmental conduct that it can be viewed as conduct of the state. *Gallagher*, 49 F.3d at 1447 (noting the various tests used to analyze governmental action and private conduct).

Here, Plaintiff alleges that these defendants acted under color of state law because Defendant Davis is a "state support mental health payee M.H.C.D." Amended Complaint at 2. Yet, MHCD is a private entity, and Plaintiff's conclusory allegations do not meet the plausibility test required to surpass a motion to dismiss that the conduct of MHCD's employees constitutes state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (holding that receipt of state funds by a private entity does not make the acts of its employees state action).

3

In the absence of state action, Plaintiff's claims that Defendants Davis and Ryan stole his money and subjected him to mental distress are state law tort claims over which this Court should not exercise supplemental jurisdiction. *Ball v. Renner*, 54 F.3d 664, 669 (10th cir. 1995). As such, the Court recommends that the claims for constitutional violations against Defendants Davis and Ryan be dismissed with prejudice, and any state law claims be dismissed without prejudice for Plaintiff to pursue in the proper forum.

### C. Plaintiff's claims against the State Defendants

Defendants Lee and Bowland argue that they is entitled to qualified immunity on all of Plaintiff's claims. Qualified immunity protects government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> In evaluating a claim for qualified immunity, the court must first determine whether, considered in the light most favorable to the plaintiff, the facts alleged state the violation of a [statutory or] constitutional right. . . . If so, the court must go on to determine whether the [statutory or] constitutional right was clearly established at the time of injury. . . . If the answer to either of these questions is no, the defendant is entitled to qualified immunity.

*People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). Thus, Plaintiff must first establish a violation of a constitutional right before this Court must determine whether that right was clearly established at the time of violation.

#### 1. Defendant Lee

First, Plaintiff alleges that Defendant Lee, his parole officer, violated his right to due process by ordering him to stay at a homeless shelter when he was paroled without first giving him a hearing. A state cannot "deprive any person of life, liberty, or property, without due process of

law." U.S. Const. Amend. XIV § 1. To determine whether a right to due process has been violated, the Court must first consider "whether there exists a liberty or property interest which has been interfered with by the State." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In this case, Plaintiff has no claim of entitlement to where he is housed by prison officials. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). At the time he was paroled, he had no home and was, thus, directed to a homeless shelter. Plaintiff cannot establish that, as a parolee who is still subject to state supervision, he has an entitlement to live wherever he desires, and as such, cannot establish a violation of due process. *See Dock v. Latimer*, 729 F.3d 1287, 1290 (10th Cir. 1984) (finding no constitutional entitlement to parole).

Second, Plaintiff alleges that the conditions at the homeless shelter constituted cruel and unusual punishment. Plaintiff claims that he was subject to mental distress at the homeless shelter, that he was given food that had expired, and that the shelter was filthy. The homeless shelter is a private entity, and state actors can be held liable only for their own actions, not the actions of third parties. *DeShaney v. Winnebago County of Dep't of Social Services*, 489 U.S. 189, 197 (1989). Thus, Plaintiff's claim that he was subject to mental distress is not actionable against Defendant Lee. *Robbins v. Okla. ex rel. Dep't of Human Services*, 519 F.3d 1242, 1251 (10th Cir. 2008). As to the food he received and the cleanliness of the shelter, Plaintiff again asserts no personal participation of Defendant Lee in these third-party actions. In fact, he has not even alleged that either of the state defendants knew of these conditions and disregarded them, much less that these Defendants have any control over these conditions. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Third, Plaintiff alleges that he was deprived mental health treatment while on parole. The Tenth Circuit Court of Appeals has concluded that a parolee has no federal constitutional right to medical treatment or rehabilitation services. *Purkey v. Simmons*, 29 F. App'x 546, 547 (10th Cir.

2002). Accordingly, Plaintiff can assert no constitutional violation for being deprived of mental health treatment while on parole.

### 2. Defendant Bowland

Plaintiff alleges that Defendant Bowland violated his right to equal protection under the law and his right to due process because, when Plaintiff informed Bowland that two other parolees took his cell phone and keys to his apartment, Bowland told him to change his locks, change his phone number, and have no further contact with these two parolees. Plaintiff alleges that his life is in danger from these two parolees. Plaintiff also alleges that Defendant Bowland informed these two parolees not to have further contact with Plaintiff. Other than these allegations, he does not explain how this conduct could violate either the equal protection or due process requirements of the Fourteenth Amendment. Construing Plaintiff's allegations liberally, Plaintiff is claiming a violation of the Eighth Amendment based on Defendant Bowland's alleged deliberate indifference to his safety.

"For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. This Plaintiff cannot do, because he is not incarcerated. He apparently now has an apartment and can decide who he allows into his dwelling. Defendant Bowland is not in a position to ensure Plaintiff's safety. Moreover, Defendant's actions do not reflect a disregard for an excessive risk to Plaintiff's safety, because Defendant Bowland directed Plaintiff to change his locks, get a new cell phone, and have no further contact with the parolees who have threatened him.

Plaintiff, therefore, has not set forth a plausible basis for relief for constitutional violations against any of the Defendants, whether in their individual or official capacity. Plaintiff has further refused to respond to Defendants' Motions to Dismiss as ordered by the Court, and his Amended

6

Complaint should be dismissed for these reasons.

## III. Conclusion

Accordingly, the Court RECOMMENDS that Defendants Hanna Davis and Justin Ryan's Motion to Dismiss [Filed April 28, 2008; Docket #30] and Defendants Jessie Lee and Lee Bowland's Motion to Dismiss [Filed May 30, 2008; Docket #39] be **granted**, that Plaintiff's claims of constitutional violations be dismissed with prejudice, and that any potential state law claims against Defendants Davis and Ryan be dismissed without prejudice to be pursued in state court. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 5th day of August, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).