IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   08-cv-00081-WDM-MEH

DAVID E. BIRDSALL,

        Plaintiff,

v.

JESSIA LEE, et al.,

        Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

        This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 46), filed August 5, 2008, that Defendants' Motions to Dismiss (doc nos 30 and 39) be granted.  Plaintiff did not file any response to the motions to dismiss or an objection to the recommendation and therefore is not entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons that follow, I will accept the recommendation in part.

        I have reviewed the pertinent portions of the record in this case, including the complaint, the motions to dismiss, and the recommendation.  The background facts of this case are set forth in detail in the recommendation and I will not repeat them here.  In short, Plaintiff is a parolee asserting various constitutional claims under 42 U.S.C. § 1983 against parole officers and employees of a mental health center concerning conditions at a homeless shelter where he was sent upon his release and other similar matters relating to his parole.  The defendants filed motions to dismiss on the grounds that the mental health

center employees are not state actors and therefore did not act pursuant to state law and the state defendants are entitled to qualified immunity because Plaintiff's has no constitutional entitlement to any particular conditions or treatment as a parolee. Plaintiff has apparently abandoned this litigation, since he failed to respond to the motions to dismiss, Magistrate Judge Hegarty's order to show cause (doc no 45) filed July 18, 2008, and the recommendation. Magistrate Judge Hegarty recommends dismissing Plaintiff's constitutional claims with prejudice based on the defendants' meritorious defenses rather than without prejudice for failure to prosecute under D.C.COLO.LCivR 40.1. I agree in part.

Defendant Davis is a trust fund advisor at Mental Health Center of Denver ("MHCD") and Defendant Ryan is a case manager at MHCD. Defendant asserts claims against them based on alleged theft and harassment. Magistrate Judge Hegarty concludes that these individuals are not state actors and recommends dismissal of the constitutional claims against them with prejudice. To the extent that Plaintiff also asserts state law claims against these defendants, such claims should be dismissed without prejudice for lack of jurisdiction.

The only proper defendants in a section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). The Tenth Circuit has noted that there are a variety of tests applied to determine whether a private actor's conduct amounts to "state action," identifying the following four tests: (1) "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter

may be fairly treated as that of the State itself;" (2) whether the state has "so far insinuated itself into a position of interdependence" with the private party that there is a "symbiotic relationship" between them; (3) whether the private party is "a willful participant in joint activity with the State or its agents;" and (4) whether a private entity exercises "powers traditionally exclusively reserved to the State." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations omitted).

Because this disposition is on a motion to dismiss and I must give Plaintiff the benefit of all favorable inferences, I conclude that this claim should be dismissed without prejudice. Plaintiff asserts in his complaint that the Parole Board ordered that he be placed in a mental health facility in Arapahoe County. It is plausible, then, that MHDC is acting jointly with the state, in which case it could conceivably be acting under color of state law. Accordingly, I will dismiss these claims without prejudice for failure to prosecute, rather than on the merits. Similarly, one of Plaintiff's claims against Defendant Lee, his parole officer, is that she failed to ensure his placement in a proper mental health facility in accordance with the Parole Board's order. Again, in light of the standard on a motion to dismiss, I conclude that this claim also plausibly states a constitutional cause of action and I will dismiss it without prejudice.

I agree with Magistrate Judge Hegarty that Plaintiff's remaining claims do not allege facts demonstrating a constitutional violation and that these claims should therefore be dismissed with prejudice.

However, in circumstances where dismissal without prejudice may nonetheless mean Plaintiff cannot refile the case because of the statute of limitations, I should consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These

3

factors include: (1) the degree of actual prejudice to the defendant from the plaintiff's conduct; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions.

The defendants have experienced some prejudice, as they have filed motions to dismiss and the case cannot proceed without Plaintiff's participation. The matter is still in an early stage and the interference with the judicial process has been minimal. However, Plaintiff is entirely responsible for these circumstances, as he has simply failed to continue his participation in this litigation. In addition, he was warned by Magistrate Hegarty in the order to show cause that failure to respond could result in dismissal. Finally, I conclude that lesser sanctions would have no efficacy, since the matter is at a standstill without Plaintiff's presence in the case and he is the only one who can change the situation.

Accordingly, it is ordered:

1.     The recommendation of Magistrate Judge Hegarty (doc no 46) is  accepted in part.

2.     Plaintiff's constitutional claims against Defendant Bowland are dismissed with prejudice. Plaintiff's constitutional claims against Defendant Lee based on conditions in the homeless shelter are dismissed with prejudice. The remaining constitutional law claims are dismissed without prejudice for failure to prosecute. Plaintiff's state law claims are dismissed without prejudice

because this Court has no jurisdiction over them in light of the dismissal of

Plaintiff's federal constitutional claims.

DATED at Denver, Colorado, on August 28, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge